TM:WK
F.#2012R0050

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | I N F O R M A T I O N |
| -against- | Cr. No. 12-262 (KAM) |
| | (T. 18, U.S.C., §§ |
| BRUCE VACKNER, | 981(a)(1)(C), 1343 |
| | 1343 and 3551 et seq.; |
| Defendant. | T. 21, U.S.C., § 853(p); |
| | T. 28, U.S.C., § 2461(c)) |

- - - - - - - - - - - - - - - - X

THE UNITED STATES ATTORNEY CHARGES:

### COUNTS ONE THROUGH THREE
(Wire Fraud)

1. On or about and between May 2, 2011 and October 12, 2011, both dates being approximate and inclusive, within the Southern District of Florida and the Southern District of Texas, the defendant BRUCE VACKNER did knowingly and intentionally devise a scheme and artifice to defraud John Doe, an individual whose identity is known to the United States Attorney, and to obtain money and property from John Doe by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, transmitted and caused to be transmitted by means of wire

communication in interstate commerce the following writings, signs, signals and sounds:

| Count | Appx. Date | Description |
|-------|------------|-------------|
| ONE   | 10/03/2011 | VACKNER posted an advertisement on eBay. |
| TWO   | 10/11/2011 | VACKNER sent an email message to John Doe. |
| THREE | 10/11/2011 | VACKNER placed a telephone call to John Doe. |

(Title 18, United States Code, Sections 1343 and 3551 et seq.)

## FORFEITURE ALLEGATION

2. The United States hereby gives notice to the defendant that, upon his conviction of the offenses charged herein, the government will seek forfeiture of all proceeds of the charged scheme, in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

3

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendant up to the value of the forfeitable property described in this forfeiture allegation.

  (Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

               */s/ Loretta E. Lynch*
               LORETTA E. LYNCH
               UNITED STATES ATTORNEY
               EASTERN DISTRICT OF NEW YORK